```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x
UNITED STATES OF AMERICA                           :
                                                   :
        -against-                                  :
                                                   :         MEMORANDUM & ORDER
IRA SHAPIRO et al.,                                :
                                                   :         No. 14-cr-399 (ENV)
                        Defendants.                :
                                                   :
-------------------------------------------------- x
```

VITALIANO, D.J.

  Incomprehensibly, a sentencing range miscalculation in the Presentence Investigation Report ("PSR"), Dkt. 737 at 33, he called "academic" in his sentencing memorandum, Dkt. 876 at 13, is now the focal point in defendant Ira Shapiro's plain error application seeking re-sentence, *see* Dkt. 882 ("Shapiro Ltr."). Shapiro now laments that the PSR's erroneous calculation, and its factual overstatement of the duration of his involvement in the stock fraud conspiracy, may have somehow caused the Court to misperceive the magnitude of his criminality. But, what this motion shows, quite to the contrary, is that if the Court misperceived anything in the imposition of sentence, it was the sincerity of Shapiro's acceptance of responsibility, and, concomitantly, whether the sentence imposed was sufficient for the purpose of specific deterrence.

  There is, however, no need to tarry long in defendant's fulminations about the sentence he received, since his motion must be denied as moot. Rule 35(a) permits a court to correct a sentence that resulted from "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Changes to a sentence under Rule 35, however, must be made "[w]ithin 14 days after sentencing," where the 14–day period begins to run upon "the oral announcement of the sentence." Fed. R. Crim. P. 35(a), (c). Moreover, "[t]he Second Circuit has held ... that the time

1

period provided for in Rule 35(a) is jurisdictional." *United States v. Sarvestani,* 297 F.R.D. 228, 229 (S.D.N.Y.2014) (citing *United States v. Abreu–Cabrera,* 64 F.3d 67, 73 (2d Cir.1995)) (internal quotation marks and alterations omitted). "Accordingly, a district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, even where the motion seeking relief is timely filed." *Id.* (citations omitted); *see also United States v. Munoz*, No. 12 Cr. 437 ENV, 2014 WL 2566263, at *1 (E.D.N.Y. June 6, 2014). Here, Shapiro was sentenced on May 27, 2022. Since more than 14 days have passed since the Court's oral announcement of sentence, it lacks jurisdiction to correct his sentence under Rule 35(a), even if the sentence was otherwise correctable under that rule.

In any event, even if the Court had jurisdiction under Rule 35 to modify Shapiro's sentence, it would decline his invitation to do so. Shapiro's objections are, at best, disingenuous and, certainly, baseless substantively. No one disputes that the Court (and the PSR) correctly calculated defendant's offense level at 33 and criminal history category level at I. The miscalculation was in computing the resulting sentencing range which, in the first place, is inapplicable because it was above the statutory maximum. The restricted guidelines range was correctly calculated at 60 months. *See* Statement of Reasons, Dkt. —, at 8.

Moreover, given multiple opportunities during the sentencing hearing to interpose the legal objections he now advances, Shapiro failed to do so. To be sure, though, his concern that the PSR's erroneous calculation may have misled the Court as to the severity of his criminal conduct—conduct he seeks to minimize—is offensive. The Court made crystal clear at the time of sentencing that, while it was obliged to calculate defendant's guidelines in accord with the rules promulgated by the United States Sentencing Commission (which, indisputably, it did), the Court would not (and did not) apply them in Shapiro's case given that the official guidelines are

pegged to unhinged economic loss figures that mindlessly accelerate the resulting sentencing range. *See United States v. Faibish*, No. 12 Cr. 265 ENV, 2015 WL 4637013, at *2 (E.D.N.Y. Aug. 3, 2015). Instead, it would (and did) fashion its sentence based on the "shadow guidelines" recommended by the ABA. In other words, there was no misperception for Shapiro to fear. Indeed, had the PSR correctly calculated the sentencing range under the official guidelines, the Court would still not have applied them because that correction would not change their excessively harsh nature.

Shapiro's second objection is no more meritorious. His crime a studied case in conscious avoidance, Shapiro continues to minimize his criminal responsibility and complains that the Court overstated his involvement in the conspiracy to manipulate the publicly traded shares of CodeSmart, of which he was CEO. *See* Shapiro Ltr. at 1–2. In effect, he attempts to temporally cabin his criminal conduct, arguing that it occurred over the course of, at most, seven months, but not two years. *See id.* Notably, however, Shapiro lodged no objections to the PSR's description of his participation in the CodeSmart scheme, such as that it spanned "from 2012 through 2014," that it was "integral to the success of the overall offense" and, not insignificantly, that his involvement in the scheme was "expansive in terms of scope and duration." PSR at 12–13. Simply put, Shapiro attempts to side-step the substantial nature of his involvement by cherry-picking language from the Court's oral pronouncement of sentence. In doing so, however, Shapiro ignores the force of the Court's exegesis, which was not demarked by a specific duration. Critical to the Court's sentence was its determination that defendant's conduct was not brief, or isolated, or somehow aberrant. His conduct was broad and repeated. In other words, no matter how tightly he shut his eyes and covered his ears, Shapiro was a knowing and integral member of an enduring pump-and-dump scheme. And that is precisely

what the Court's sentence reflected.  Consequently, Shapiro's request for modification of his sentence on this point, were it properly before the Court now, would be rejected.

Finally, the Court acknowledges that there are noncontroversial scrivener's errors and/or surplusage in the judgment that should be, and will be, corrected upon the filing of this Order. For example, while the judgment makes clear that the restricted guidelines term of imprisonment was 60 months, it carries over the PSR's miscalculation of the unrestricted and inapplicable sentencing range.  As such, the clerical error in the judgment will be corrected by terminating this superfluous entry.  *See United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) (Fed. R. Crim. P. 36 permits a district court to correct, at any time, minor and uncontroversial errors in the written judgment).  The parties also jointly advise the Court that the written judgment erroneously indicates that the term of imprisonment imposed by the Court was 22 months, at odds with the 21-month term of incarceration announced at sentencing.  Rule 36 similarly permits the correction of this scrivener's error.  *See Werber* 51, F.3d at 347.

## Conclusion

In line with the foregoing, defendant's application under Rule 35 for re-sentencing is denied as moot.  However, acting *sua sponte* under Rule 36, the Court will amend the judgment to correct the scrivener's errors and/or surplusage as noted above.

So Ordered.

Dated:   Brooklyn, New York
         July 11, 2022

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge